IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

AMY M. SHELTON-HEPPEL, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-09-1393-D
)
PARKER PEST CONTROL, INC., and )
JAMES BRAD PARKER, )
)
    Defendants. )

**O R D E R**

Before the Court is Defendants' Partial Motion to Dismiss [Doc. No. 9], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Parker Pest Control, Inc. ("PPC") and James Brad Parker ("Parker") seek the dismissal of Count II of Plaintiff's Complaint only as to Defendant Parker and the dismissal of Counts IV and V in their entirety. Plaintiff has responded in opposition to the Motion, and the time for filing a reply brief as expired. The Motion is thus at issue.

**Standard of Decision**

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Plaintiff's Claims**

The Complaint alleges that Plaintiff is a former employee of Defendants who was subjected to offensive sexual comments and touching by Parker, and other inappropriate conduct of a sexual nature by him, from April, 2007, until March, 2008, when she filed an EEOC charge of gender discrimination. The Complaint also alleges that Plaintiff was subjected to abusive conduct by Parker and retaliatory conduct from her employer – an increase in job duties, unwarranted criticism of her performance, and a hostile work environment – because she filed the EEOC charge. Finally, Plaintiff alleges that the discrimination and retaliation became so severe she was forced to resign from her position in June, 2008. Based on these alleged facts, Plaintiff asserts the following claims: Count I, against PPC only, gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; Count II, against both Defendants, wrongful discharge in violation of Oklahoma's public policy prohibiting gender discrimination and retaliation, pursuant to *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 21, § 1201 *et seq.*; Count III, against PPC only, retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a); Count IV, against Parker only, intentional infliction of emotional distress; and Count V, against no specific defendant, wrongful discharge in violation of Oklahoma public policy prohibiting retaliation against whistleblowers, presumably pursuant to *Burk*. The

Complaint also states that Plaintiff timely filed a charge of discrimination with the EEOC and received notice of her right to sue on September 29, 2009. This action was timely filed for purposes of Title VII on December 23, 2009.

**Defendants' Motion**

By their Motion, Defendants seek the dismissal of Count II as to Parker only, on the ground that he was not Plaintiff's employer and cannot be sued on a tort claim of wrongful discharge under *Burk*. Defendants also seek the dismissal of Count IV on the ground that Parker cannot be held personally liable for intentional infliction of emotional distress based on acts that were committed within the scope of his employment for PPC. Finally, Defendants seek dismissal of Count V on the ground that Plaintiff's "whistle-blowing" claim is duplicative of the *Burk* claim asserted in Count II.

**Discussion**

**A.     Individual Liability under *Burk***

Defendants contend based on *Eapen v. McMillan*, 196 P.3d 995 (Okla. Civ. App. 2008), and unpublished decisions issued by federal district courts, that an individual officer or owner of a corporate employer cannot be held liable under a *Burk* tort theory. Plaintiff disagrees with these legal authorities, and argues that she has alleged Parker was her employer, as well as her "immediate supervisor, the CEO, and is believed to be the majority (if not the sole) shareholder of the company." *See* Pl.'s Resp. [Doc. 12] at 4. The Complaint contains no factual allegations to support Plaintiff's argument that Parker was her employer or that the corporate entity should be disregarded. Notably, she brings her Title VII claims only against the corporation, acknowledging that individual liability is unavailable under Title VII. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). The Court finds for reasons stated in *Eapen* and, most recently, Judge Payne in *Hall v. YMCA of Greater Tulsa*, No. 09-CV-630-JHP-FHM, 2010 WL 2196554 (N.D. Okla. May 26, 2010), that the *Burk* tort

should not be extended to permit wrongful discharge suits against individual agents or officers of corporate employers. *See also Council v. Unit Corp. Drilling Co.*, No. CIV-08-1330-C, 2010 WL 654323 (W.D. Okla. Feb. 22, 2010). Therefore, Plaintiff's *Burk* claim asserted against Parker in Count II of the Complaint will be dismissed.

**B.     Individual Liability for Intentional Infliction of Emotional Distress**

Parker contends that he also cannot be held liable under a tort theory of intentional infliction of emotional distress for acts done while acting within the scope of his office or employment. Parker provides no legal authority for this argument other than the cases cited in support of his *Burk* argument, which are inapposite. Parker's argument is contrary to binding precedent. "Under Oklahoma law, an officer [of a corporation] may be held liable for the torts that he personally commits." *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett* 24 F.3d 136, 141 (10th Cir. 1994). Therefore, Parker is not entitled to dismissal of Plaintiff's claim asserted in Count IV of the Complaint.

**C.     Whistle-Blowing Claim**

As noted above, Plaintiff lists in the Complaint two *Burk* tort claims: one for wrongful discharge in violation of public policy prohibiting gender discrimination and retaliation (Count II); and a second for wrongful discharge in violation of public policy prohibiting retaliation against whistle-blowers (Count V). PPC moves for dismissal of the whistle-blowing claim asserted in Count V on the grounds that it is duplicative of Count II because Plaintiff alleges no whistle-blowing other than filing of an EEOC charge and protesting alleged gender discrimination. Plaintiff does not disagree with this contention, simply explaining in a footnote why she deemed it advisable to set forth a separate claim for whistle-blowing when drafting the Complaint. Accordingly, because

Plaintiff tacitly acknowledges her whistle-blowing claim in Count V is indistinguishable from the *Burk* claim asserted in Count II, the duplicative claim asserted in Count V will be dismissed.

**Conclusion**

Defendant Parker is entitled to dismissal of Plaintiff's claim against him personally for wrongful discharge under *Burk* (asserted in Count II), and both Defendants are entitled to dismissal of the "whistle-blowing" claim in Count V. Defendant Parker is not entitled to dismissal of the pendant state law tort claim of intentional infliction of emotional distress asserted against him in Count IV.

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss Count II of Plaintiff's Complaint (as to Defendant Parker); Count IV; and Count V [Doc. No. 9] is GRANTED in part and DENIED in part as set forth above.

IT SO ORDERED this 12th day of July, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE